UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARVELL L. SMITH, | ) |
| Movant, | ) ) ) |
| vs. | ) Case No.  4:10CV1916 CDP |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM AND ORDER

I sentenced movant Darvell L. Smith to a term of 14 months imprisonment following his admission to violating the conditions of his supervised release.  This was his second revocation of supervised release.  He now seeks relief under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  He argues that he received ineffective assistance of counsel because his counsel failed to obtain a § 5K1.1 downward departure motion from the government.  In his § 2255 motion, he admits that he violated the conditions of supervised release, but he argues that he should have gotten a lower sentence.  The §2255 motion is meritless, as defense counsel cannot guarantee that the government will file a downward departure motion.  I will deny the motion.

## Factual Background

Smith pleaded guilty in 2000 to bank robbery and was sentenced to 96 months imprisonment and three years of supervised release. Case No. 4:99CR542 CDP. He was released from prison in 2008, and almost immediately began violating the conditions of supervised release, by among other things, using drugs, failing to participate in substance abuse treatment and testing, and failing to follow directions of his probation officer. At a revocation hearing in June of 2009, Smith admitted violating the conditions of his supervised release and I revoked the supervised release the first time. I sentenced him to six months imprisonment and two years of supervised release.

Smith was released from prison the next time in December of 2009, and again he almost immediately began using drugs and failing to participate in substance abuse treatment and testing. I issued a warrant for his arrest and at the supervised release revocation hearing on September 30, 2010, he admitted the violations and I sentenced him to 14 months imprisonment, with no further supervised release.

Smith did not appeal his original sentence or either of the two supervised release revocation sentences.

In his motion under 28 U.S.C. § 2255 Smith alleges that he received

ineffective assistance of counsel because he says his attorney promised him he would receive a downward departure motion if he met with government agents and provided information.

## Discussion

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The United States Supreme Court has further recognized that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of an attorney's performance must be highly deferential, and the courts employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Second, in order to prove ineffective assistance of counsel, a defendant must show prejudice as a result of counsel's ineffectiveness. A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 694; *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993).

Smith claims that his counsel promised that the Government would file a § 5K.1.1 motion. Smith's counsel denies this, but in addition to that denial, Smith's own conduct at the revocation hearing was inconsistent with the claim. Smith freely admitted violating the conditions of his supervision, and when given the chance at least twice during the revocation hearing, he said nothing to indicate that he believed he had been promised anything. Additionally, of course, whether to file a motion for downward departure under § 5K1.1 of the sentencing guidelines is a matter that the government alone can decide, and no defense counsel has the ability to promise that the government will file a motion. *See Wade v. United States*, 504 U.S. 181, 185 (1992). There is no doubt that Smith understood this, as his original guilty plea agreement pointed out that only the government could make such a determination. *See United States v. Abston*, 401 Fed. Appx. 357, 363 (10th Cir. 2010) ("It cannot be said that counsel was constitutionally deficient for failing to obtain the government's agreement to move for a § 5K1.1 departure when the government has almost boundless discretion in deciding whether to move for such departure.")

Additionally, Smith cannot show that he was prejudiced because he does not

claim that he would not have admitted the violations had counsel not made the alleged promise.  To show ineffective assistance of counsel in the context of a guilty plea, a movant must show that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial.  *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).  The admission of violations is the equivalent of a guilty plea, and in the absence of an allegation that Smith would have gone to hearing and the result been different, he cannot show that he suffered any prejudice resulting from counsel's conduct.

> Finally, Smith cannot show that he would have received a lower sentence in any event.  This was Smith's second revocation, and because I decided not to place him on any further supervised release, I believed the maximum jail term recommended by the guidelines was appropriate.  But the guidelines, of course, are advisory, and the policy statements of Chapter 7 were advisory even when the rest of the guidelines were mandatory.  In other words, I had the full range of sentencing options available to me, and I could have sentenced Smith to a higher or a lower sentence, even in the absence of a motion from the government.  I chose not to do so because of the repeated nature of his violations, and the seriousness of his crime.

> As Smith has not made a substantial showing that he was denied effective

assistance of counsel, this Court will not issue a certificate of Appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (a substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Darvell L.Smith's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255[#1] is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2011.